The opinion of the court was delivered by
Manning, O. J.
The object of this mandamus is to compel the conversion into consols of two warrants for one thousand dollars each, dated April 6, 1871, in favour of F. C. Mahan, which purport to have been issued to re-imburse him for moneys paid, as tax collector, into the State treasury through error. They state specifically that they are drawn under act No. 72 of 1871.
The respondent answered by a general denial, but introduced no evidence, and has made no appearance in this court.
The relator offered in evidence the warrants, and their indorsement by Mahan, and his own testimony, wherein he says that he “ presented to the Auditor the warrants sued on, and he refused to fund them.” The refusal of the Auditor is of no consequence. He had not the right or power to fund the warrants. If a majority of the Board of Liquidation reject the application of a holder of a warrant or bond, then such holder may apply to the proper court for relief. Sess. Acts 1874, .p. 39. There is neither allegation nor proof that any application has been made to the defendant to fund these warrants. On the contrary, the relator *274 impliedly admits that he never applied to it. He says; — “relator is credibly informed that the Board of Liquidation refuses to fund»any warrants unless ordered so to do by mandate of court.” He is not entitled to a mandamus to compel the Board to do what it never refused to do.
We arc also referred to Act No. 72 of 1871 as the authority for drawing the warrants. In fact, the relator is said by the note of evidence to have offered it in proof, but happily it was not copied in the record, and there is no agreement that the printed copy may be used. There was no need to offer it, and we shall therefore consider it. It is the general appropriation bill for that year. The only clause which we can conceive to be applicable to the matter in hand is this ; — “ for the re-imbursement of moneys paid into the State treasury through error, or'which do not belong to the State, fifty thousand dollars, or so much thereof as may be necessary.” Sess. Acts 1871, p. 179. This is too general to allow a court to declare fhat Mahan’s warrants were meant to be included in this clause, without some other proof than is in this record, and particularly when we find numerous clauses in the same act of specific appropriations to individuals by name. Ibid. pp. 183-4.
The judgment of the lower court, ordering the Board to fund these warrants is erroneous. We might do injustice to the relator if we finally concluded him by our decree, and we shall avoid it by a nonsuit. Therefore
It is ordered and decreed that the judgment of the lower court is avoided and reversed, and that there be now judgment in favour of the defendant against the plaintiff as in case of nonsuit, and for costs of. appeal.